**JS-6**

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| XINXIANG SHANG, | Case No. CV 24-7603 FMO (BFMx) |
| Plaintiff, | |
| v. | **ORDER RE: DISMISSAL WITHOUT PREJUDICE** |
| LOS ANGELES ASYLUM OFFICE, et al., | |
| Defendants. | |

      The court has reviewed and considered defendants' Ex Parte Motion to Stay Case Pending Adjudication of Application (Dkt. 9, "Motion"). Defendants request a stay of the action in the interest of judicial economy, noting that on November 7, 2024, USCIS issued a notice to plaintiff that an interview regarding her asylum application was scheduled for August 4, 2025, at the USCIS Los Angeles Asylum Office in Tustin, California. (See Dkt. 9, Motion at 1); (Dkt. 9-1, Declaration of Christopher B. Buchanan ("Buchanan Decl.") at ¶ 6). Defendants filed the instant Motion after failing to hear from plaintiff regarding a potential stipulation, despite several attempts to contact her to discuss the case. (See Dkt. 9, Motion at 1-3); (Dkt. 9-1, Buchanan Decl. at ¶¶ 7-10, 15-16).

      Under the circumstances, the court will grant the Motion and dismiss the action without prejudice. Given the court's experience with recent mandamus actions challenging similar delays, the setting of an agreed interview date generally leads to the resolution of the parties' dispute

without the need for further intervention by the court. However, staying cases requires the continued commitment of judicial resources to monitoring the cases and ensuring compliance with requirements to file status reports. It also increases the burden on the parties to file status reports or seek dismissal of the stayed case upon resolution of the matter.

It appears that the more efficient approach is to dismiss this action without prejudice to either party moving to reopen nunc pro tunc in the event that further court intervention becomes necessary. The court perceives no practical difference between this approach and the relief requested by defendants, apart from eliminating the need for future monitoring or action if the defendants honor their estimated deadline for adjudication of plaintiff's asylum application (see Dkt. 9, Motion at 2); (Dkt. 9-1, Buchanan Decl. at ¶¶ 11-12), as the court expects them to.

Based on the foregoing, IT IS ORDERED THAT this action is **dismissed without prejudice** to any party seeking to vacate this Order and reopen the action nunc pro tunc in the event that plaintiff is unable to receive a determination in the time contemplated by defendants. Dated this 9th day of December, 2024.

/s/
Fernando M. Olguin
United States District Judge